**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 00-40398
Summary Calendar

RANDELL CRAIG,

Plaintiff-Appellee,

VERSUS

BIG 4, INC.; BIG 4 SERVICES, INC.,

Defendants-Appellants.

Appeal from the United States District Court
For the Eastern District of Texas Lufkin Division
(9:99-CV-32)

December 22, 2000

Before SMITH, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Appellants Big 4, Inc., and Big 4 Services, Inc. ("Big 4"), appeal the district court's denial of a motion for judgment as a matter of law on Appellee Randell Craig's claims of hostile work environment and termination on the basis of religion, in violation

---

[*]Pursuant to 5ᵀᴴ CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5ᵀᴴ CIR. R. 47.5.4.

of Title VII, 42 U.S.C. § 2000e et seq., and of intentional infliction of emotional distress. After a trial, the jury found in favor of Craig and awarded him back pay, compensatory, and punitive damages. Big 4 takes its appeal from this final judgment.

In reviewing a denial of a motion for judgment as a matter of law, the court evaluates the sufficiency of evidence to see "whether the evidence has such quality that reasonable and fair-minded persons would reach the same conclusion." Polanco v. City of Austin, Texas, 78 F.3d 968, 974 (5th Cir. 1996). "[A] jury verdict 'must be upheld unless the facts and inferences point so strongly and so overwhelmingly in favor of one party that reasonable men could not arrive at any verdict to the contrary.'" Satcher v. Honda Motor Co., 52 F.3d 1311, 1316 (5th Cir. 1995)(quoting Western Co. of North America v. United States, 699 F.2d 264, 276 (5th Cir. 1983).

"To state a claim for relief under Title VII for [religious] discrimination based on a theory of hostile work environment, a plaintiff must prove (1) that she belongs to a protected class, (2) that she was subject to unwelcome harassment, (3) that the harassment was based on [religion], (4) that the harassment affected a term, condition or privilege of employment, and (5) that the employer knew or should have known about the harassment and failed to take prompt remedial action." Weller v. Citation Oil & Gas Co., 84 F.3d 191, 194 (5th Cir. 1996). Further, a hostile

environment depends on a "totality of circumstances, focusing on factors such as the frequency of the conduct, the severity of the conduct, the degree to which the conduct is physically threatening or humiliating, and the degree to which the conduct unreasonably interferes with an employee's work performance."  Id. (internal citations omitted).  We find that Craig presented evidence of such a quality that "reasonable and fair-minded persons would reach the same conclusion," Polanco, 78 F.3d at 974, that he endured a religiously hostile work environment.

Similarly, we find that facts and inferences do not point "so strongly and so overwhelmingly in favor of [Big 4] that reasonable men could not arrive at any verdict to the contrary," Satcher, 52 F.3d at 1316, on Craig's other claims.

Accordingly, we AFFIRM the judgment of the district court and the denial of the motion for judgment as a matter of law.

AFFIRMED.